## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) AUTO CRANE COMPANY, an Oklahoma corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 13-CV-130-JED-FHM ) |
| (1) G S HYDRAULICS, INC., a Wisconsin corporation, | ) ) ) |
| Defendant. | ) JURY TRIAL DEMANDED ) |
| (2) MAINTAINER CORPORATION OF IOWA, INC., An Iowa corporation, | ) ) ) |
| Defendant | ) ) |

### COMPLAINT

For its claims against the defendants, Plaintiff Auto Crane Company alleges and states as follows:

### Parties

1.   Plaintiff Auto Crane Company ("Auto Crane") is an Oklahoma corporation with its principal place of business located in Tulsa, Oklahoma.  Auto Crane is the owner of U.S. Patent No. 8,272,521 (the "'521 Patent") which is the subject of this action.

2.   Defendant G S Hydraulics, Inc. ("G S Hydraulics") is a Wisconsin corporation with its principal place of business located in New Berlin, Wisconsin.

3.   Defendant Maintainer Corporation of Iowa, Inc. ("Maintainer") is an Iowa Corporation with its principal place of business located in Sheldon, Iowa.

{1083266;}                                                1

## Jurisdiction and Venue

4. This action arises in substantial part out of the patent laws of the United States, more particularly 35 U.S.C. §§ 271 and 281. Further, this is an action between citizens of different states where the matter in controversy exceeds the sum of $75,000. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, 1338 and 1367.

5. Upon information and belief, Maintainer imports, offers for sale, and/or sells equipment having a crane operating systems that read on the '521 Patent within the State of Oklahoma and the Northern District of Oklahoma. Further Maintainer routinely sells goods in the State of Oklahoma through its dealer in Oklahoma City, Oklahoma. Maintainer is therefore subject to personal jurisdiction in this Court.

6. Upon information and belief G S Hydraulics imports, offers for sale, and/or sells crane operating systems that read on the '521 Patent within the Northern District of Oklahoma. Further, this action implicates an agreement that was negotiated at least in part in Oklahoma. G S Hydraulics is therefore subject to personal jurisdiction in this Court.

7. Venue is proper within this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## First Claim for Relief

### (Infringement of the '521 Patent)

8. Auto Crane restates the allegations of paragraphs 1–7 as if fully set forth herein.

9. On September 25, 2012, the '521 Patent was duly and legally issued by the U.S. Patent and Trademark Office, naming Nathan T. Kemmerly, Michael J. Lawson, Mark K. Torbett, and Mark A. Smith as inventors and Auto Crane as the sole assignee. A copy of the '521 Patent is attached hereto as Exhibit 1.

10. Since September 25, 2012, Auto Crane has been and remains the owner of the '521 Patent and this patent remains in force.

11. Upon information and belief, G S Hydraulics manufactures, causes to be manufactured, imports, offers for sale, and/or sells crane operating systems that infringe the '521 Patent either literally or under the doctrine of equivalents. Such crane operating systems include, but may not be limited to, a system sold to Maintainer and marketed and resold by Maintainer under the name "LMI System" (hereinafter the "Infringing Product"). The Infringing Product satisfies all of the required elements and limitations of at least Claim 1 of the '521 Patent.

12. Upon information and belief, G S Hydraulics and Maintainer are aware of the '521 Patent, but have continued to manufacture, offer for sale, sell, and/or import the Infringing Product knowing that the Infringing Product infringes upon the '521 Patent.

13. G S Hydraulics and Maintainer's infringement of the '521 Patent has damaged and will continue to damage Auto Crane in the form of lost sales, lost profit, diminution of market potential and diminution in asset values. Such damages are immediate, irreparable, and not susceptible to adequate compensation through the award of monetary damages.

14. Auto Crane is entitled to preliminary and permanent injunctive relief, preventing G S Hydraulics and Maintainer from continuing or undertaking further infringing activities during the term of the '521 Patent, including the manufacture, import, sale and/or offer to sell the Infringing Product anywhere within the United States.

15. Auto Crane is further entitled to an award of damages from G S Hydraulics and Maintainer pursuant to 35 U.S.C. § 284, together with reasonable attorneys' fees pursuant to 35 U.S.C. § 285. The damages awarded to Auto Crane should be trebled pursuant to 35 U.S.C. § 284 in light of defendants' willful and deliberate infringement.

**Second Claim for Relief**

**(Breach of Contract By G S Hydraulics)**

16. Auto Crane restates the allegations of paragraphs 1–13 as if fully set forth herein.

17. Auto Crane and G S Hydraulics entered into an agreement, pursuant to which various employees of the parties would collaborate on the development of the crane control system described in the '521 Patent.

18. Auto Crane and G S Hydraulics agreed that upon the successful prosecution of a patent, Auto Crane would own the patent rights and would have the exclusive right to use the crane control system.

19. G S Hydraulics has breached the agreement by selling a crane control system to Maintainer, and has proximately caused damages to Auto Crane.

**WHEREFORE**, Auto Crane respectfully requests that the Court enter orders and judgments as follows:

First Claim for Relief - Infringement of the '521 Patent

A. Granting judgment in Auto Crane's favor against G S Hydraulics and Maintainer;

B. Preliminarily and permanently enjoining G S Hydraulics and Maintainer from infringing the '521 Patent, pursuant to 35 U.S.C. § 283;

C. Awarding Auto Crane damages, including treble damages, against G S Hydraulics and Maintainer pursuant to 35 U.S.C. § 284;

D. Awarding Auto Crane interest, costs, and attorneys fees against G S Hydraulics and Maintainer pursuant to 35 U.S.C. § 285; and

E. Awarding such other and further relief to which Auto Crane may be entitled.

<u>Second Claim for Relief - Breach of Contract</u>

F. Granting judgment in Auto Crane's favor against G S Hydraulics;

G. Awarding Auto Crane damages incurred as a result of G S Hydraulic's breach of contract;

H. Awarding Auto Crane interest, costs, and attorneys fees against G S Hydraulics to the extent allowed by law; and

I. Awarding such other and further relief to which Auto Crane may be entitled.

Respectfully submitted,

s/Craig A. Fitzgerald
Craig A Fitzgerald, OBA No. 15233
Chad Hinrichs, OBA No. 16,664
GABLEGOTWALS
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK  74103
(918) 595-4800 (ph)
(918) 595-4990 (fax)

Attorneys for Plaintiff Auto Crane Company